## W. M. PERKINS & CO. v. W. W. WOODFOLK.

The jurisdiction of the chancery court to restrain parties in the Supreme Court from proceeding to avail themselves of an advantage obtained by appealing to that court, especially when the appealing party has elected to submit those matters to the chancery court, and to enjoin his adversary from proceeding at law, would seem to be too clear to admit of doubt or controversy. It is a jurisdiction which would seem to result necessarily from the right of appeal by a party at law to a court whose jurisdiction is exclusively appellate, which might thus defeat the ends of justice unless the chancery court can furnish a remedy.

Sec. 3107 of the Code was intended to carry out the same principle.

FROM DAVIDSON.

Appeal from the Chancery and Circuit Courts. W. F. COOPER, Chancellor, and NATHANIEL BAXTER, Judge.

No counsel marked.

NICHOLSON, C. J., delivered the opinion of the court.

The question for determination in these consolidated causes arise upon the following facts: Perkins & Co. sued Woodfolk in the Circuit Court of Davidson county on several notes, growing out of transactions between them as commission merchants on one side, and cotton and tobacco planters on the other.

At the return term issues were made upon several pleas, and at a subsequent term, other pleas arising, questions involving the prior dealings of the parties

were either tendered and rejected, or filed, and then stricken out by the court. Before any trial or judgment Woodfolk filed his bill in the chancery court, and alleged all the grounds of defense to the notes relied on in his plea at law, as well as those on which issues were taken, or those rejected or stricken out by the court. He obtained an injunction against the further prosecution of the suit at law by Perkins & Co.

At a subsequent term of the chancery court, on motion of Perkins & Co., the injunction was so modified as to allow them to proceed to judgment on the issues in the circuit court, but no further, thus leaving the injunction in force as against any enforcement of the judgment. Accordingly, judgments were taken on the notes, upon the issues, in the circuit court. This judgment was taken by default, the defendant Woodfolk failing to appear and defend. From the judgment so rendered, Woodfolk took an appeal in error to the Supreme Court.

The injunction suit in chancery was prosecuted to final hearing upon the issues made by the bill, and the bill was dismissed upon the merits of the case. Previous to the final hearing of the cause, however, Perkins & Co. had moved, upon their answer, for a dissolution of the injunction, which was allowed, but upon the condition of their giving a refunding bond. As Perkins & Co. were non-residents, and unable to give the security required, no refunding bond was given, and consequently the injunction continued in force.

The consequence of these several proceedings was,

that when the chancery cause was determined against Woodfolk, and his bill dismissed, the suit at law was then pending in the Supreme Court upon appeal in error, but with the modified injunction of Woodfolk still in force, in consequence of Perkins & Co. failing to give the refunding bond required, but the legal effect of dismissing the injunction bill was to dissolve the injuction, and allow Perkins & Co. to proceed at law. But their judgment had been superseded by Woodfolk's appeal in error to this court, and the question is, how could Perkins & Co. have the benefit of their decree upon the merits of the case, so as to have an affirmance in this court of their judgment at law, without again trying the issues in the suit at law, brought here by appeal in error.

Perkins & Co. undertook to solve this question by filing the present bill, in which they set out in detail all the proceedings in the case at law and the case in chancery, as already stated, and obtained an injunction against Woodfolk, making further defense, by his appeal or otherwise, to the judgments, and praying that the proceedings in the chancery suit by Woodfolk against them be declared a release of errors, if any; that the injunction be made perpetual, and that their judgment at law be allowed to be affirmed, etc.

Upon the answer of Woodfolk admitting all the material allegations of the bill, Special Chancellor McHenry held, that after having had his day in court in all matters of litigation between Woodfolk and complainants touching the notes sued on at law, and on which judgments were received at law, and the trans-

actions out of which they grew, and after having, in the suit in the chancery court, the full benefit of all the defenses which he could make, either at law or in equity, he could not be again permitted to litigate the same matters in the law courts, either by appeal or otherwise. It was therefore decreed that Woodfolk be perpetually enjoined from further prosecuting his appeal, and for resisting an affirmance of the judgments in the Supreme Court.

From this decree Woodfolk appealed to this court.

The two causes have heretofore been consolidated, or ordered to be heard together. It is manifest, upon an examination of the record in the chancery court of Perkins & Co. against Woodfolk, that in the case in chancery of Woodfolk against Perkins & Co., Woodfolk had the benefit of all the defenses, whether legal or equitable, that he could have made, either at law or in equity, against the notes sued on at law, and that the decree dismissing his bill was a complete adjudication as to the merits of the entire defense. If the suit at law of Perkins & Co. against Woodfolk had remained pending in the circuit court, it is clear that the adjudication in the chancery suit would have constituted an effectual bar to any further defense against the notes under the plea of *res adjudicata.*

But when the decree in the chancery suit was rendered, Woodfolk had removed the cause by appeal in error to the Supreme Court. As the jurisdiction of that court is only appellate, the question as to the right of Woodfolk to insist upon his defense in this court cannot be made by pleading the adjudication of

the chancery court in bar of that right. But the jurisdiction of the chancery court to restrain parties in the Supreme Court from proceeding to avail themselves of an advantage obtained by appealing to that court, and thereby avoiding the effect of an adjudication of the matters involved by decree of the chancery court, especially where the appealing party has elected to submit those matters to the chancery court, and to enjoin his adversary from proceeding at law, would seem to be too clear to admit of doubt or controversy. It is a jurisdiction which would seem to result necessarily from the right of appeal by a party at law to a court whose jurisdiction is exclusively appellate, which might thus defeat the ends of justice, unless the jurisdiction of the chancery court can furnish a remedy.

It is obvious that upon a proper application to the chancellor by Perkins & Co. before the final hearing in the chancery court, an order might have been made on Woodfolk to elect between his defenses at law and in equity, if, indeed, his election was not conclusively made by filing his bill to enjoin the suit at law, and insisting on making his defenses in equity. If some of his defenses were purely legal and some equitable, whenever he sought the chancery court as the forum to try his equitable defenses, upon taking jurisdiction for that purpose, to prevent multiplicity of suits, that court would have and exercise jurisdiction as to the legal as well as the equitable defense. Such was the course in the chancery suit, which was prosecuted by Woodfolk to final hearing on all his defenses. He thereby elected to make all defenses in the chancery

court, and thereby effectually estopped himself from afterward insisting on his defenses in the law court. As Perkins & Co. allowed the chancery suit to proceed to final adjudication, without requiring Woodfolk to dismiss his appeal, or to dismiss his bill in chancery, as they had a right to do, it follows that they had the right to resort to the restraining and injunctive powers of the chancellor, to give effect to their decree on the merits of the chancery suit.

By sec. 3107 of the Code a judgment by confession, or the suing out of an injunction against a judgment at law, is a release of errors. This statutory provision was intended to carry out the same principle. The fact that Woodfolk's injunction was obtained before judgment at law can make no difference, as it continued to operate after the judgment was rendered under the modification of the injunction. Having invoked the injunctive powers of equity to restrain Perkins & Co. from proceeding at law where his injunction was so modified as to allow time to proceed to judgment, he still had the benefit of his injunction as against the enforcement of the judgment, and therefore he was within the spirit of the section of the Code just quoted.

The decree of the chancellor is therefore correct on both grounds, and is affirmed, and the judgments of Perkins & Co. in the circuit court, appealed from by Woodfolk, are affirmed, with the costs in both causes.