Mrs. Beulah (L. A.) Black *v.* The City of Nashville *et al.*

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

Joseph L. Lackey, of Nashville, for plaintiff in error.

Cornelius Summers, of Nashville, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This case originated in the Chancery Court where Mrs. Black filed her bill seeking to enjoin the City of Nashville, and the Beer Board of the City of Nashville, from appealing a decision of the Circuit Court of Davidson County to this Court in the case in which the Circuit Court had restored to Mrs. Black her beer license, which had been revoked by the Beer Board. The case of the revocation of the license and the appeal was heard at the same time that the case now being considered was argued.

In the suit now before us the City and the Beer Board filed a plea in abatement to the action sought by Mrs. Black. The Chancellor considered this case on the bill, the plea in abatement and the motion to sustain the plea in abatement. The Chancellor sustained the plea in abatement and dismissed the petition and an appeal has been seasonably perfected to this Court where arguments have been heard and we now have the matter for disposition.

The original bill in this cause, in addition to the facts above detailed, alleged that subsequent to the hearing before the Beer Board (the evidence before the Beer

Board was that the husband of Mrs. Black had been convicted of selling whisky in the place) had appealed and the Circuit Court of Davidson County had found that he had not sold the whisky. The theory of the bill was then that this was final and since Black had been declared not guilty of selling whisky by the Circuit Court, long after the proof had been heard before the Beer Board and that Board had revoked the license, then that the Chancery Court should enjoin the City and the Beer Board from its appeal to this Court wherein the Circuit Judge had determined that there was no evidence to support the finding of the Beer Board. In the first place any evidence or things that had happened after the hearing of the evidence before the Beer Board could not be considered by the Circuit Judge in his determination of whether or not the license should be revoked. The only thing before the Circuit Judge was whether or not the record as heard before the Beer Board contained evidence that justified the revocation of the license and that the action of the Beer Board was not arbitrary, capricious and void. Of course we cannot nor could the Chancery Court consider or know what the evidence was before the Circuit Court, as to whether or not the husband of this woman was guilty of selling this whisky. This has absolutely nothing to do with the question of the revocation of the license, i. e., his later acquittal on appeal. The question is: Did the Beer Board believe him guilty?

The attack made by Mrs. Black in the Chancery Court in this suit was in effect a collateral attack on the judgment of another court, and it is well settled in this State that this cannot be done, and that the proper method for the correction of errors of a particular court is by appeal. This Court long ago in *Greenlaw* v. *Kernahan,* 36 Tenn. 371 said:

"The judgments and decrees of a court of competent jurisdiction over the subject matter and the person cannot be attacked in a collateral proceeding in another court for irregularity."

Mr. Gibson in his excellent treatise on Chancery proceedings, the Second Edition, page 625, Sec. 814, says:

"The Chancery Court is not a Court empowered to review proceedings in other courts, and to correct errors and irregularities in their proceedings. This jurisdiction belongs to the Supreme Court."

And in a Footnote to this Section it is said:

"A bill of injunction will not lie * * * (7) in granting or refusing an appeal * * * All such errors committed by the Circuit Court must be corrected by the Supreme Court on Appeal. * * *"

The Beer Statute, Code Section 1191.14, Williams Annotated Code, provides in effect that any action of the Court in revoking what the Beer Board has done shall be heard by that Court on the same transcript of the evidence that the Beer Board heard and that the Court does not have the right to introduce or hear new evidence. Then it is provided in the same section that the party dissatisfied with this may appeal direct to the Supreme Court and that during the pendency of this appeal any revocation of the license by the Beer Board shall remain in effect until the Supreme Court has acted on it. That was all that was done in these cases. In the case in which the instant case seeks to enjoin the Beer Board revoked, the Circuit Judge reversed and then it was appealed here —we have today reversed the Circuit Court for reasons expressed in that opinion.

The appellant has cited the case of *Perkins & Co.* v. *Woodfolk,* 1874, 67 Tenn. 411, as an authority for the filing of the bill in this cause. We have just read this case and

think unquestionably from reading the case that it is in no wise authority for the position of the appellant here. One reading the headnote to the case (this is quoted in the brief of the appellant) would probably conclude that the case was authority for this position. From a reading of the case though it shows quite a complication of each party in the courts below, one suing in the law court and the other in the Chancery, etc., and appeals, one getting there and one not, etc. When this is done this Court does hold for the reasons expressed in the opinion that in view of the particular facts of how the litigation between these parties came about the Chancery Court having originally taken jurisdiction of the matter and having jurisdiction when the law judgment was entered between the same parties would take jurisdiction to enjoin the suit at law and this was the only way in which complete justice would be done.

We have heard argument and read these briefs with much interest. The judgment below must be affirmed.